UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                          :
MSC MEDITERRANEAN SHIPPING COMPANY S.A.,  :
                                                          :
                                                          :
                              Plaintiff,                  :        18-CV-10788 (JPC) (OTW)
                                                          :
             -v-                             :        ORDER ADOPTING
                                                          :        REPORT AND
AIRLIFT MARINE SERVICES PVT LTD and AIRLIFT  :       RECOMMENDATION
(U.S.A.), INC.,                                               :
                                                          :
                            Defendants.             :
                                                          :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff MSC Mediterranean Shipping Company S.A. ("MSC") brings this action against Defendants Airlift Marine Services PVT LTD ("Airlift Marine") and Airlift (U.S.A.), Inc. ("Airlift USA"), seeking indemnification of costs and expenses incurred by MSC as a result of a personal injury action in New Jersey state court. (Dkt. 1). On August 18, 2020, MSC moved to strike an Answer filed by Airlift Marine, on the grounds that Airlift Marine failed to comply with a court order directing it to appoint new counsel and respond to outstanding discovery demands. (Dkt. 80). On December 2, 2020, the Honorable Ona T. Wang, to whom this case was referred for general pretrial supervision and for a Report and Recommendation on the motion to strike, recommended that MSC's motion be granted. This Court adopts Judge Wang's Report and Recommendation in its entirety.

### I. Background

      According to the Complaint, MSC is an ocean carrier conducting business as a common carrier by sea, while Airlift USA and Airlift Marine, an Indian corporation doing business in the United States through Airlift USA, are both ocean transportation intermediaries. (Dkt. 1 ¶¶ 4-6).

MSC contends that it is entitled to indemnification by Defendants for liability incurred in a New Jersey state court action that was brought by an individual who has alleged injuries suffered while loading cargo within an ocean shipping container owned or managed by MSC. (*Id.* ¶¶ 9-10, 15-20, Exh. A).

MSC filed proof of service, reflecting that service of the Complaint on both Defendants Airlift USA and Airlift Marine occurred on November 29, 2018. (Dkts. 9, 10). On December 28, 2018, Certificates of Default were issued as to both Defendants after neither responded to the Complaint. (Dkts. 16, 17). On January 11, 2019, Steven D. Janel, Esq., filed a joint Answer on behalf of both Defendants. (Dkt. 21). Several days later, additional counsel entered notice of appearances for Airlift USA. (Dkts. 22, 23). On September 19, 2019, the Court entered a Case Management Plan (Dkt. 43) and referred the case for a settlement conference, which Judge Wang scheduled for November 20, 2019 (Dkts. 44, 46). Two days before the settlement conference, however, Airlift Marine, through Mr. Janel, requested leave to be excused from attending the conference. (Dkt. 47). On December 31, 2019, MSC filed a letter with the Court raising Airlift Marine's failure to respond to MSC's discovery requests. (Dkt. 53).

On January 8, 2020, Mr. Janel requested leave to withdraw as Airlift Marine's counsel, stating that the "principal" of Airlift USA had terminated his representation of both Airlift Marine and Airlift USA. (Dkt. 56 at 2). On January 10, 2020, Judge Wang ordered Mr. Janel to file either a substitution of counsel on behalf of his client or a submission explaining why his withdrawal would not prejudice Airlift Marine. (Dkt. 57). The owner of Airlift USA filed a partial opposition to Mr. Janel's motion, stating that he had never discussed Mr. Janel's representation of Airlift Marine and that Mr. Janel's representation of Airlift Marine was, from the beginning, a "mistake." (Dkt. 60 at 3-4). On January 24, 2020, Mr. Janel responded with a declaration, asserting, among

other things, that he was indeed retained by Airlift USA to enter an appearance for both Defendants, and expressing concern that his continued representation of Airlift Marine would cause a conflict of interest, as both Defendants are now adversaries in this litigation. (Dkt. 64 at 1-2).

On March 13, 2020, Judge Wang granted Mr. Janel's motion to withdraw. (Dkt. 70). Importantly, Judge Wang directed that, because a corporation is unable to proceed *pro se*, Airlift Marine must retain new counsel, who shall file a notice of appearance by April 10, 2020, and warned that failure to do so may result in a default judgment. (Dkt. 70 at 3). Judge Wang also ordered Mr. Janel to serve a copy of the March 13, 2020 Order on Airlift Marine and file proof of service by March 20, 2020. (*Id.*). Mr. Janel never filed such proof of service on the docket and Airlift Marine never retained new counsel. In a June 1, 2020 joint status report, MSC informed the Court that MSC and Airlift USA had no knowledge of whether Mr. Janel advised Airlift Marine about his withdrawal, but noted that Mr. Janel sent an email to the parties providing Airlift Marine's street address in Chennai, India.[1] (Dkt. 76 at 2).

## II. Adoption of Judge Wang's Report and Recommendation

On July 30, 2020, Judge Wang ordered that MSC either move to strike Airlift Marine's Answer or dismiss Airlift Marine from this suit. (Dkt. 78). MSC moved to strike Airlift Marine's Answer on August 18, 2020. (Dkt. 80). Judge Wang issued the instant Report and Recommendation on December 2, 2020, recommending that the motion be granted. (Dkt. 88).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C.

---

[1] This email appears to be attached as an exhibit in a later filing. (Dkt. 89, Exh. A). The email, from Mr. Janel to counsel for MSC and Airlift USA, stated that Mr. Janel served his motion to withdraw on Airlift Marine at the Chennai, India address.

§ 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. (Dkt. 88 at 4). Judge Wang also ordered MSC to serve a copy of the Report and Recommendation on Airlift Marine. (*Id.*). On December 8, 2020, MSC filed an Affidavit of Service, which represented that MSC sent a copy of the Report and Recommendation to the address that Mr. Janel provided for Airlift Marine in India, and attached two exhibits. (Dkt. 89). One is a copy of Mr. Janel's email informing MSC of Airlift Marine's address. (*Id.*, Exh. A). The second exhibit contains the proof-of-delivery of the Report and Recommendation by Federal Express, which reflects that the mailing was signed by R. Rajesh, with "Airlift Marine Services, PVT, LTD." in Chennai, India, as the recipient. (*Id.*, Exh. B).

No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned, supported by the record, and its conclusions well founded. Accordingly, the Court ADOPTS the Report and Recommendation in its entirety.

The Clerk of Court is respectfully directed to strike the Answer on behalf of Defendant Airlift Marine only and issue a Certificate of Default against Airlift Marine.

SO ORDERED.

Dated: January 11, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge