LYONS & FLOOD, LLP
One Exchange Plaza
55 Broadway, Suite 1501
New York, NY 10006
(212) 594-2400

Attorneys for Plaintiff
MSC Mediterranean Shipping Company, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MSC Mediterranean Shipping Company S.A.,<br><br>         Plaintiff,<br>v.<br><br>Airlift Marine Services Pvt Ltd and Airlift (U.S.A.) Inc.,<br><br>         Defendants. | 18 Civ. 10788 (JPC) (OTW)<br><br>**STIPULATION AND**<br>**ORDER OF CONFIDENTIALITY** |

  **WHEREAS**, plaintiff and defendant Airlift (U.S.A.) Inc. hereby stipulate that any invoices of Lyons & Flood, LLP (hereinafter "the L&F invoices"), submitted in this action shall remain confidential and subject to the protections of this stipulation and order;

  **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties, that:

  1. This stipulation and order shall govern the L&F invoices disclosed in this matter for use at the trial of this case or in any other proceeding.

  2. Plaintiff shall have the right to designate all or any portion of the L&F invoices as "confidential" in accordance with the procedures set forth herein. This information shall be referred to hereinafter as "Confidential Information."

  3. Plaintiff may in the exercise of good faith designate confidentiality by stamping or otherwise marking at least the first page with the word "CONFIDENTIAL," and the Parties

shall treat the designated materials as "Confidential Information" in accordance with this stipulation.

4. Confidential Information shall be maintained in confidence and shall not be disclosed to any person except:

    (a) the Court and Court staff;

    (b) counsel and co-counsel of record, and the legal associates, paralegals, clerical or other support staff employed by such counsel and actually involved in assisting with this Proceeding;

    (c) the insurers of the Parties; and

    (d) the Parties, and those directors, officers and present employees of the Parties who are assisting with this Proceeding;

5. All persons authorized to receive Confidential Information shall take all reasonable and necessary steps to secure any Confidential Information, and shall limit access to Confidential Information to those persons identified in Paragraph 4 above.

6. Prior to disclosure of any Confidential Information to a person identified in Paragraph 4, the person shall be presented with, read and agree to be bound by the terms of this stipulation order by signing a Certification in the form annexed at Appendix A. The receiving party shall retain the Certification and make it available to the producing party upon a showing of good cause. Persons to whom Confidential Information is disclosed solely for clerical or administrative purposes, and who do not retain a copy or extract thereof, shall not be required to execute a Certification.

7. If Confidential Information, advertently or inadvertently, is disclosed to a person not authorized to receive Confidential Information, or if a person authorized to receive Confidential Information breaches any obligations under this stipulation and order, the Party shall immediately give notice of the unauthorized disclosure or breach to the Producing party.

Without prejudice to other rights and remedies of the Producing Party, the person making the unauthorized disclosure shall make every effort to prevent further disclosure. Breach of the provisions of this stipulation and order shall be subject to sanctions, as authorized by statute, rule or inherent power of the Court.

8. The Parties expressly assert and preserve any and all privileges and exemptions, including without limitation the attorney-client privilege and work product immunity. In accordance with Fed. R. Evid. 502, inadvertent disclosure or production of protected material shall not be deemed a waiver of any privilege or exemption in the present action or in any other Federal, State, or foreign proceeding.

9. Within forty-five (45) days of the final conclusion of this proceeding, and all substantially related proceedings, by settlement or final judgment, including exhaustion of all appeals, the Parties shall use all best efforts to assemble and seek return of Confidential Information from all persons to whom such materials were disclosed, and shall return all such materials to the original Producing Party, at the Producing Party's expense. Counsel may retain work product, copies of court filings and official transcripts and exhibits, provided any or all retained documents are kept confidential and continue to be treated as provided herein.

10. This stipulation order shall survive the conclusion of this action, and the Court will retain jurisdiction to enforce it.

11. This stipulation order may be amended or modified at any time by stipulation of the Parties, or by order of the Court. The Parties consent to an expedited hearing upon any such application.

12.  This Court shall retain jurisdiction of the parties hereto indefinitely, even after termination of this action, regarding any dispute between them respecting improper use of information disclosed under protection of this stipulation order.

Dated: New York, New York
~~February~~, 2021
March 1,

HILL RIVKINS LLP
Attorneys for Defendant, Airlift (USA), Inc.

By: _____
Marc I. Kunkin
45 Broadway, Suite 1500
New York, New York 10006
212-669-0600

LYONS & FLOOD, LLP
Attorneys for Plaintiff

By: _____
Randolph H. Donatelli
One Exchange Plaza
55 Broadway, Suite 1501
New York, New York 10006
212-594-2400

SO ORDERED, this __1st__ day of __March__ 2021.

~~Honorable John Paul Cronan~~
~~United States District Judge~~

If any materials designated as "confidential" are submitted to the Court and are relevant to the adjudication of this dispute under *Lugosch v. Pyramid Co. of Onondaga*, 453 F.3d 110, 119 (2d Cir. 2006) and any other controlling authority, the parties shall follow Rule 4 of the Court's Individual Rules and Practices in Civil Cases.

_____
JOHN PETER CRONAN
United States District Judge

4